IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM CURRY COLE,

    Plaintiff,

v.                                                No. 1:24-cv-00009-SCY

MELLOY CHRYSLER JEEP DODGE RAM,

    Defendant.

**ORDER FOR AMENDED COMPLAINT AND
ORDER TO CURE DEFICIENCY**

Plaintiff, who is proceeding *pro se*, mailed a letter to Chief United States District Judge William P. Johnson, which the Clerk's Office docketed as a Complaint against Defendant Melloy Chrysler Jeep Dodge Ram ("Melloy"). Doc. 1 (Complaint, filed January 2, 2024). Plaintiff purchased a vehicle from Melloy, asserts Melloy lied to him resulting in him losing money, and asks Chief Judge Johnson to "close this dealership because of poor management, disrespect of the New Mexico State Statutes, at least three, [and] violation with the F.D.I.C. contract." *Id.* at 1. The Court enters this Order to address certain deficiencies in Plaintiff's filings.

    1. **Guide for Pro Se Litigants**

As an initial matter, the Court notifies Plaintiff that he must comply with certain rules when seeking relief from this Court.

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov. The Clerk's Office mailed the Local Rules and the Guide for Pro Se Litigants to Plaintiff on January 3, 2024.

"Unless otherwise directed, all communication to the Court should be addressed to the Clerk of Court, United States District Court, District of New Mexico." Guide for Pro Se Litigants at 5. Plaintiff may not file documents by sending them to a Judge or a Judge's chambers.

Plaintiff also may not contact a Judge or a Judge's chambers *ex parte*:

> Attorneys and *pro se* parties are prohibited from all *ex parte* communication with the judge or judge's staff. *Ex parte* communication occurs when one of the parties to a lawsuit exchanges information with the assigned judge (1) without the opposing party being present, or (2) without the knowledge and consent of the opposing party.

Guide for Pro Se Litigants at 11. Clerk's Office "staff will provide general assistance with the filing of necessary papers and pleadings. However, under no circumstances can any type of legal advice be given as to what should or should not be done in any particular case." Guide for Pro Se Litigants at 4.

**2. Order for Amended Complaint**

Plaintiff's letter to Chief Judge Johnson does not contain a short and plain statement of the grounds for the Court's jurisdiction as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("[E]ven if the parties do not raise the question themselves, it is our

duty to address the apparent lack of jurisdiction sua sponte.") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988)). Here, Plaintiff's Complaint does not allege facts supporting jurisdiction and is therefore subject to dismissal. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

The Complaint also fails to state a claim for the injunctive relief Plaintiff seeks, closure of Melloy:

> To obtain a preliminary injunction, the moving party must show that (1) it is substantially likely to prevail on the merits; (2) it will suffer irreparable harm without the injunction; (3) this threatened injury outweighs the harm that granting the injunction may cause the opposing parties; and (4) the injunction will not adversely affect the public interest. *Becker II*, 868 F.3d at 1202.
> . . . .
>
> [T]he requirements for obtaining a permanent injunction are "remarkably similar" to those for obtaining a preliminary injunction. *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007). Indeed, the same four elements apply to both types of injunctive relief, and "[t]he only measurable difference between the two is that a permanent injunction requires showing *actual success* on the merits, whereas a preliminary injunction requires showing a *substantial likelihood of success* on the merits." *Id.* (emphases added).

*Ute Indian Tribe of the Uintah and Ouray Reservation v. Lawrence*, 22 F.4th 892, 908 (10th Cir. 2022). The Complaint does not allege that Plaintiff will suffer irreparable harm if Melloy is not closed or that Plaintiff's threatened injury outweighs the harm to Melloy resulting from closure of Melloy. Plaintiff alleges that Melloy's actions caused Plaintiff economic loss but "simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

Although the Court could dismiss the Complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted, it is not obvious that it would be futile to give

Plaintiff an opportunity to amend. The Court therefore grants Plaintiff leave to file an amended complaint. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs").

### 3. Order to Cure Deficiency

Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1] The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Plaintiff has not paid the $405.00 fee or filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Plaintiff must either pay the fee or file an Application. The Guide for Pro Se Litigants, which the Clerk's Office mailed to Plaintiff on January 3, 2024, contains the form "Application to Proceed in District Court Without Prepaying Fees or Costs, (Long Form)."

**IT IS ORDERED** that:

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

(i)      Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

(ii)      Plaintiff shall, within 21 days of entry of this Order, either pay the $405.00 fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely pay the $405.00 fee or file an Application may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**