# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WILLIAM CURRY COLE,

      Plaintiff,

v.                                    No. 1:24-cv-00009-KG-SCY

MELLOY CHRYSLER JEEP DODGE RAM,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

Plaintiff, who is proceeding *pro se*, mailed a letter to Chief United States District Judge William P. Johnson which the Clerk's Office docketed as a Complaint against Defendant Melloy Chrysler Jeep Dodge Ram ("Melloy"). *See* Complaint, Doc. 1, filed January 2, 2024. Plaintiff purchased a vehicle from Melloy, asserts Melloy lied to Plaintiff resulting in Plaintiff losing money, and asks Chief Judge Johnson to "close this dealership because of poor management, disrespect of the New Mexico State Statutes, at least three, [and] violation with the F.D.I.C. contract." Complaint at 1-2.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff that:

> Plaintiff's letter to Chief Judge Johnson does not contain a short and plain statement of the grounds for the court's jurisdiction as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988). This case should be dismissed because the Complaint does not allege facts supporting jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Order at 2-3, Doc. 4, filed January 10, 2024 (also notifying Plaintiff the Complaint fails to state a claim for the injunctive relief Plaintiff seeks, closure of Melloy). Judge Yarbrough ordered Plaintiff to file an amended complaint.

Plaintiff filed his Amended Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. 1983." Doc. 6, filed January 22, 2024 ("Amended Complaint"). The only factual allegations in the Amended Complaint are: (i) "Bad contracts;" and (ii) "Lemon Laws – 2twice [sic]." Amended Complaint at 2, 4.

The Amended Complaint does not allege facts supporting federal question jurisdiction over this matter. Although Plaintiff filed the Amended Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," there are no allegations that Defendant is a state actor or that Defendant deprived Plaintiff of a federally protected right. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law"). There are no allegations showing that this action arises under any other statutory or constitutional provision. *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law"). Nor is there properly alleged diversity jurisdiction. Plaintiff and Defendant are citizens of New Mexico. *See* Amended Complaint at 1; *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) ("a party must show that complete diversity of citizenship exists between the adverse parties . . . Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant").

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**Application to Proceed In Forma Pauperis**

Plaintiff paid the filing fee a little over two weeks after filing his original Complaint. *See* Doc. 5, filed January 19, 2024. Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs on the same day that he filed his Amended Complaint. *See* Doc. 8, filed January 22, 2024 ("Application"). Plaintiff did not sign the Application as required by Rule 11 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a) (every document "must be signed . . . by a party personally if the party is unrepresented . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention"). The Court denies Plaintiff's Application as moot because the Court is dismissing this case.

**IT IS ORDERED** that:

(i)      This case is **DISMISSED without prejudice.**

(ii)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 8, filed January 22, 2024, is **DENIED as moot.**

**UNITED STATES DISTRICT JUDGE**